## No. 10,625.

JOHN BYRD VS. NEW ORLEANS CITY AND LAKE RAILROAD COMPANY

Contributory negligence by a person, walking on the streets, will make it impos sible to recover from defendant sued for damages.

The carrying a plank on the shoulder, measuring in length about six feet, on a principal thoroughfare, is not wrongful, but the person carrying it should be more than ordinarily careful. If an accident happens to him when attempting to board a steam street railway and the defendant company is not at fault, damages will not be allowed.

APPEAL from the Civil District Court, of the Parish of Orleans. Ellis, J.

Henry L. Lazarus for Plaintiff and Appellant:

Buck, Dinkelspiel & Hart for Defendant and Appellee:

The opinion of the court was delivered by

BREAUX, J. The plaintiff sues to recover damages in the sum of $5000, for injuries received in October, 1889, while attempting to board the West End steam train in this city.

He alleges that the driver of the street car which caused the accident was grossly negligent and incompetent.

That the accident could have been avoided had he been prudent. and cautious.

That he is more than sixty years of age and enjoyed good health, prior to the accident; that he is a bricklayer and mason by trade, and was employed in building and making repairs on tombs in the cemeteries at the Metairie Ridge.

The undisputed facts are, that the plaintiff, at the time of the accident, was attempting to board the cars, the West End train, owned by the defendant company, and that a street car running over a line next to the train struck the wood on his shoulder, threw him down, and caused severe and painful injuries. He was on his way to work at the cemeteries.

That the distance between the cars opposite each other, one on the West End track and the other on the Esplanade street track, is. about two feet, and the tracks are about four feet from each other.

That plaintiff had frequently travelled on these cars and knew the distance between them.

That Canal street is a busy street, on which there are a number of street cars.

That he had the pieces of wood, measuring from five to eight feet, on his left shoulder; in his hands, he carried a cane, a bucket and an ax.

The wood was to be used by him in constructing a ladder he needed in the performance of his work.

Difference of statements arises, and the facts are disputed with reference to the locality at which plaintiff was at the time; the direction he was facing; the rate of speed of the offending car; whether it was stopped at the time; the control of the mule pulling it, and the warning; the wounds and bruises he received, how caused, whether by thrusting him against the West End train by the blow and pressure from the board on his shoulders, or by his fall on the track; whether plaintiff was walking at the time toward the front of the car or in the act of stepping on the platform at the rear; the direction of the planks on plaintiff's shoulder; whether parallel with the road or perpendicular to the car lines; the sudden change of position by plaintiff—are all testified to by the witnesses.

The defendant denied the allegations of plaintiff's petition, and alleged that the plaintiff contributed to his injury.

The verdict of the jury and the judgment of the court reject plaintiff's demand.

It would not serve any purpose for us to attempt to reconcile the conflicting testimony of the witnesses, nor to determine the preponderance of testimony with reference to each fact it was sought to prove, as unquestionably the plaintiff had the right to seek conveyance on the West End train. He had the right to carry tools and planks needed by him; to reasonable protection, and not to be exposed to accident.

But when he carries wood or any other material taking up more room than persons generally occupy, on the streets, he should be cautious and more than ordinarily active in his movements.

The jury and the Judge of the District Court decided that the plaintiff was not free from carelessness, and had contributed to his injury. After a careful examination of the facts we have reached a like conclusion.

The plaintiff was familiar with the locality and had taken the train frequently at the place of the accident.

It is in proof that, had he stood on the track with his plank parallel with the direction of the road, in the line he was walking at one time, the accident would not have happened.

Instead of standing still, or of continuing in a parallel direction with the track, at the very time the car was approaching the narrow place between the two tracks, he turned with his plank perpendicularly to them, and thereby they were made to project over the two tracks, one end, just opposite the platform of the West End train, touching the fender, the other immediately in front of the moving street car. The force from the street car and the resistance from the standing train pressed the plank against the plaintiff and caused the accident.

The evidence does not satisfy us that the mule hitched to the alleged offending car was unmanageable, as contended by plaintiff. All of defendant's witnesses testify that it was in a walk at the time; that it was a gentle mule. Those of the plaintiff testify that it was unmanageable, but it is not shown that the speed was more than ordinary.

The limited space between the car and the steam train is forcibly represented by counsel as being a man-trap and a negligence *per se*.

The encumbering planks, suddenly turned as they were, from a parallel to a perpendicular direction to the tracks, do not present as an issue the question of space needful at the place of the accident, for plaintiff is precluded, by his own act, from recovering damages

Judgment affirmed.